## No. 25

### OHIO METAL UTENSIL CO. v. HARTMAN

Ohio Appeals, 6th Dist., Huron Co.

No. 214.   Decided Dec. 27, 1926

**225.   CHARGE TO JURY—Where the trial judge instructs jury that a corporation could act only through its officers, in the absence of a request to charge that such officers can bind the corporation only when acting within the scope of their authority, no prejudicial error is committed.**

RICHARDS, J.

This action was originally cimmenced in the Huron Common Pleas when Jacob Hartman sought to recover certain amounts claimed to be due him from the Ohio Metal Utensil Co.  The trial resulted in a verdict for Hartman judgment being entered for $1690.23.

It seems that the case was predicated on two causes of action.  In the first, Hartman sought to recover $672.90 as a balance for money loaned the Company.  The Company claimed that the court erred in its charge by stating in substance that the sums of money had been advanced by Hartman, thereby invading the

province of the jury. In the second cause of action it was sought to recover money due for services performed for the Company at the rate of $70 per week. It is claimed that while the court instructed the jury that a corporation could act only through its officers and agents, it failed to state that the act of the officer must be within the scope of his authority in order to bind the company. The Court of Appeals held:

1. The language employed by the court in charging upon the issues made up by the first cause of action, is not prejudicial to the company in view of the state of the evidence, the evidence showing a large sum was admittedly due from the company to the Hartman, on this cause of action.

2. Furthermore, the judge during the charge called the jury's attention to the fact that the general denial put in issue the averments of the petition, so that when the entire charge is read together, it is clear that the jury could not have been mislead.

3. The statement of law made by the court in regards to the liability of the corporation was entirely correct; and in absence of a request to charge that such officers and agents can bind the company only when acting within the scope of their authority, the court committed no prejudicial error.

4. The conclusion reached by the jury cannot be said to be manifestly against the weight of the evidence; for there is an abundance of evidence in the bill of exceptions which, if believed by the jury, would justify the verdict which was returned.

Judgment therefore affirmed.

(Culbert & Williams, JJ., concur.)

Attorneys—Bulkley, Hauxhurst, Jamison & Sharp, Cleveland; E. J. Freed and W. R. Pruner, Norwalk, for Company; Young & Young, Norwalk, and Klein & Zaller, Cleveland, for Hartman.